# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-20382
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 29, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ODWAR GEOVANY PALOMEQUE-RAMOS, also known as Jose Lopez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CR-24-1

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:*

Odwar Geovany Palomeque-Ramos appeals his conviction for illegal reentry into the United States in violation of 8 U.S.C. § 1326. He entered a conditional guilty plea, reserving the right to challenge the district court's denial of his motion to dismiss the indictment. Relying on *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), Palomeque-Ramos argues that his prior removal order was invalid because the notice to appear was defective for failing to include the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

date and time of his removal hearing.  Therefore, Palomeque-Ramos asserts that his prior removal could not support a conviction for illegal reentry under § 1326.  He concedes that this challenge is foreclosed by *United States v. Pedroza-Rocha*, 933 F.3d 490 (5th Cir. 2019), *petition for cert. filed* (U.S. Nov. 6, 2019) (No. 19-6588), and *Pierre-Paul v. Barr*, 930 F.3d 684 (5th Cir. 2019), *petition for cert. filed* (U.S. Dec. 16, 2019) (No. 19-779), but he wishes to preserve the issue for further review.  The Government has filed an unopposed motion for summary affirmance, agreeing that the issue is foreclosed under *Pedroza-Rocha* and *Pierre-Paul*.  Alternately, the Government requests an extension of time to file its brief.

Summary affirmance is appropriate if "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).  In *Pedroza-Rocha*, 933 F.3d at 492-93, the district court dismissed an indictment charging the defendant with a violation of § 1326 based on the reasoning that the notice to appear was defective because it did not specify a date and time for the removal hearing and that, therefore, the removal order was void.  Our court reversed, concluding that the notice to appear was not defective, that the alleged defect would not deprive an immigration court of jurisdiction, and that § 1326(d) barred the defendant from collaterally attacking his removal order because he had failed to exhaust his administrative remedies.  *Id*. at 496-98.

*Pedroza-Rocha* forecloses Palomeque-Ramos's arguments.  *See id.* Accordingly, the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the judgment of the district court is AFFIRMED.